

# NUMBER 13-11-00394-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**FRANK ERIC ALVARADO,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                      **Appellee.**

### On appeal from the 156th District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Rose Vela**

Pursuant to a plea-bargain agreement, appellant, Frank Eric Alvarado, pleaded

guilty to possession of cocaine in an amount of less than one gram in a drug-free zone, a

third-degree felony.  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(a); 481.134(d)(1) (West 2010).  The trial court sentenced him to five years' imprisonment but suspended the sentence and placed him on five years' community supervision, plus a $1,500 fine. Afterwards, the State filed a motion to revoke community supervision.  During the revocation hearing, appellant pleaded "true" to several allegations in the motion to revoke.  The trial court revoked his community supervision and sentenced him to five years' imprisonment, plus a $1,500 fine.  By one issue, appellant argues the trial court violated his rights to have his community supervision determined by an unbiased judge, to have the revocation decision not be predetermined, and to have the trial court consider the full range of disposition options.  We affirm.

## I. DISCUSSION

Specifically, appellant argues the trial court violated his "rights to due process and due course of law by failing to conduct the proceedings in an impartial manner, by determining disposition before hearing evidence, and by failing to consider the full range of disposition options."  Rule 33.1 of the Texas Rules of Appellate Procedure governs preservation of error, and states, in part:

> (a) In General.-As a prerequisite to presenting a complaint for appellate review, the record must show that:
>
> > (1) the complaint was made to the trial court by a timely request, objection, or motion that:
> >
> > (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context;

TEX. R. APP. P. 33.1(a)(1)(A).

2

"This Rule encompasses the concept of 'party responsibility.'" *Pena v. State*, 285 S.W.3d 459, 463 (Tex. Crim. App. 2009) (quoting *Reyna v. State*, 168 S.W.3d 173, 176 (Tex. Crim. App. 2005)). "The complaining party bears the responsibility of clearly conveying to the trial judge the particular complaint, including the precise and proper application of the law as well as the underlying rationale." *Id.* at 463–64. "To avoid forfeiting a complaint on appeal, the party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Id.* at 464 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). "This gives the trial judge and the opposing party an opportunity to correct the error." *Id.* "Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial. In making this determination, we consider the context in which the complaint was made and the parties' shared understanding at that time." *Id.* (footnote omitted).

In this case, defense counsel made no objections during the revocation hearing. Therefore, error, if any, is not preserved for appellate review. *See* Tex. R. App. P. 33.1. Nevertheless, the record does not show: (1) that the trial court was biased or partial; (2) that the trial court determined the disposition of the case before hearing evidence or that its revocation decision was predetermined; or (3) that the trial court failed to consider the full range of disposition options. We overrule the sole issue for review.

## II. CONCLUSION

We affirm the trial court's judgment.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of February, 2012.